■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant. [629 NYS2d 228] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered on or about July 13, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years on the first two counts and 1 year on the remaining count, unanimously reversed, on the law, the facts and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

At the *Sandoval* hearing, the prosecutor sought and was granted permission to cross-examine defendant if he chose to testify, which he ultimately did not, respecting his two felony

and 10 misdemeanor convictions. Inquiry, however, was not uniformly limited to whether the convictions had in fact been obtained; in the case of defendant's most recent felony, a December 1992 conviction for criminal possession of a controlled substance in the fourth degree, inquiry was additionally permitted as to the underlying circumstances, which involved the defendant's arrest at 43rd Street and Eighth Avenue in possession of 44 orange-capped and seven black-capped vials of contraband. In the prosecution out of which this appeal arises, dating from August 1992 and based upon events that transpired in July 1992, defendant was again alleged to have sold and possessed numerous black and gold-capped vials of drugs at virtually the same location, namely, 42nd Street and Eighth Avenue.

Respectfully, we are of the view that the *Sandoval* ruling went well beyond what was necessary to facilitate fair and effective cross-examination. The extensive factual inquiry that the court would have allowed concerning the December 1992 conviction could only have assured defendant's portrayal before the jury as a career drug dealer who, in pursuit of his illegal vocation, had become a habitue of the block between 42nd and 43rd Streets and Eighth Avenue, an area described to the jury by one of the arresting officers as a "hot spot" for drug activity. The permitted line of inquiry plainly and promiscuously encouraged a propensity-based inference of guilt clearly of a kind that the law does not permit (*see, People v Sandoval*, 34 NY2d 371, 375).

To the extent that there was legitimate prosecutorial need for evidence showing defendant to be a person of dubious credibility, surely the fact of defendant's commission of 10 misdemeanors and two felonies between 1981 and 1991 ought to have been sufficient for that purpose. If defendant who was, after all, the only available source of material testimony in support of his defense, was to be deterred from exercising his right to testify in his own behalf, it should have been simply because the evidence to be adduced in his cross-examination cast significant doubt upon his credibility, not because it additionally raised an altogether prohibitive risk of conviction by reason of propensity (*see, People v Sandoval, supra*, at 376, 378). While a trial court's range of discretion in ruling upon a *Sandoval* motion is broad, we do not think it so limitless as to accommodate such a risk. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.